IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL P. HANEY,**     Plaintiff | * |
| | * |
| v. | Civil Action No.  RWT-12-343 |
| | * |
| **TIMOTHY K. CAMERON,**     Defendant | * |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff, Michael P. Haney, alleges that his constitutional rights were violated by Defendant when he was arrested and convicted in the Circuit Court for St. Mary's County for threatening a state official.  *See* ECF No. 1.  Documents submitted with the compliant indicate that Plaintiff was charged in 1995 and convicted in 1996.  *See* ECF No. 1-4.  Mr. Haney states that he was sentenced to a ten year term of imprisonment which has since expired.  *See* ECF No. 1.  Because Mr. Haney appears indigent, Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Plaintiff acknowledges that his Complaint is untimely.  His acknowledgement does not save the case dismissal. "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato,* 549 U.S. 384, 387 (2007), *citing Owens v. Okure,* 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia,* 471 U.S. 261, 279-280, (1985).  In Maryland the applicable statute of limitations is three years from the date of the occurrence.  *See* Md. Cts & Jud. Proc. Code Ann. § 5-101.  No matter when the clock began to run for Plaintiff, the date of his arrest or the date of his conviction, it is clear that the instant case is filed well beyond the three year statute of limitations.  As such, it is

subject to dismissal.

Additionally, a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). Plaintiff has failed to demonstrate that his conviction has been reversed, expunged or invalidated.

In light of the foregoing, this case shall be dismissed. A separate Order follows.


Date: February 14, 2012                                         /s/
                                                    ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE